## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOVAN MIGUEL BATTLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 17-cv-4048-JBM** |
| | ) | |
| **TODD JACKSON,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>MERIT REVIEW AMENDED COMPLAINT</u>

Plaintiff, proceeding pro se, asserts an undesignated conditions of confinement claim at the East Moline Correctional Center which is construed as arising under § 1983. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff's Amended Complaint alleges that on March 11, 2017, Defendants Rangen and Smitty denied him a state-issued hygiene kit.  Plaintiff complained to Defendant Baker and was issued a hygiene kit which did not contain deodorant or "adequate" shampoo.  Plaintiff apparently grieved the matter and claims that his grievance is currently being appealed.  He asked that the Court allow 120 days for his grievance to be finalized.

Plaintiff, however, is a prisoner proceeding under PRLA which requires that he finalize grievances and thus exhaust his remedies prior to filing suit. 42 U.S.C. § 1997e(a); *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The courts are to dismiss a complaint which is filed before administrative remedies are fully exhausted. The exhaustion requirement of the PLRA is enforced "by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Pavey*, 544 F.3d at 742 (remedy for failure to exhaust is dismissal).

This case is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1915A for Plaintiff's failure to exhaust his administrative remedies. While exhaustion is an affirmative defense that ordinarily should be raised by the defendant, "[a] district court may dismiss a complaint where 'the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous… But the defense must be unmistakable…'" *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016) (internal citations omitted). Here, Plaintiff has clearly pled the failure to exhaust, asking the court's indulgence. The complaint is DISMISSED. Plaintiff is advised that he may refile his claim as a new suit, after he has fully exhausted.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Any amendment to the Complaint would be futile because the alleged facts will not support the referenced federal claims**.** This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)      Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3)      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this

Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to

appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed.

R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate

filing fee irrespective of the outcome of the appeal.


ENTERED: 10/5/2017

_____ s/Joe Billy McDade_____
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE